**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> BHARAT FORGE LIMITED, <br><br> Defendant-Intervenor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

                                     Court No. 21-00007

<u>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE
AGENCY RECORD AND DEFENDANT'S MOTION FOR VOLUNTARY REMAND</u>

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:
W. MITCH PURDY
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
   Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (240) 482-5214
Email: william.purdy@trade.gov

SARAH E. KRAMER
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 353-0537
Email: sarah.e.kramer@usdoj.gov

October 18, 2021

Attorneys for Defendant

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

STATEMENT PURSUANT TO RULE 56.2.................................................................................2

    I.    Administrative Determination Under Review .......................................................2

    II.    Statement of the Issues ...........................................................................................2

STATEMENT OF FACTS...............................................................................................................2

ARGUMENT....................................................................................................................................4

    I.    Standard Of Review................................................................................................4

    II.    The Court Should Grant The Request For A Voluntary Remand For
          Commerce To Reconsider Its Position On The In Lieu Of On-Site Verification
          Questionnaire And Subsequent Reliance On Facts Available................................5

 CONCLUSION ................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE(S)**

*Ad Hoc Shrimp Trade Action Committee v. United States*,
    882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013) ............................................................5

*Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*,
    925 F. Supp. 2d 1332 (Ct. Int'l Trade 2013) ..........................................................5, 6

*Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*,
    375 F.3d 412 (6th Cir. 2004) ...................................................................................7

*Essar Steel Ltd. v. United States*,
    678 F.3d 1268 (Fed. Cir. 2012) ...............................................................................7

*Ethyl Corp. v. Browner*,
    989 F.2d 522 (D.C. Cir. 1993) ................................................................................5

*Gleason Indus. Prods., Inc. v. United States*,
    31 C.I.T. 393 (2007) .................................................................................................5

*Nippon Steel Corp. v. International Trade Commission*,
    345 F.3d 1379 (Fed. Cir. 2003) ...............................................................................7

*SeAH Steel Corp. v. United States*,
    704 F. Supp. 2d 1353 (Ct. Int'l Trade 2010) ...........................................................4

*Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*,
    412 F. Supp. 2d 1330 (Ct. Int'l Trade 2005) ...........................................................4

*SKF USA Inc. v. United States*,
    254 F.3d 1022 (Fed. Cir. 2001).................................................................................4

*Tianjin Wanhua Co., Ltd. v. United States*,
    253 F. Supp. 3d 1318 (Ct. Int'l Trade 2017) ...........................................................7

**STATUTES**

19 U.S.C. § 1677m(i)..............................................................................................3, 5, 6, 7

**REGULATIONS**

19 C.F.R. § 351.310(c) ................................................................................................4

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, )<br>ELLWOOD NATIONAL STEEL COMPANY )<br>ELLWOOD QUALITY STEELS COMPANY, )<br>and A. FINKL & SONS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>BHARAT FORGE LIMITED, )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 21-00007 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE AGENCY RECORD AND DEFENDANT'S MOTION FOR VOLUNTARY REMAND

Defendant, the United States, respectfully submits this response to the Rule 56.2 motion for judgment on the agency record filed by the plaintiffs, Ellwood City Forge Company, Ellwood Quality Steels Company, Ellwood National Steel Company, and A. Finkl & Sons (collectively, plaintiffs or petitioners), challenging certain aspects of the Department of Commerce's (Commerce) final determination in the antidumping duty investigation of forged steel fluid end blocks from India.  As discussed below, pursuant to Rule 7(b) of the Rules of the Court, we respectfully request that the Court remand this matter, in its entirety to give Commerce the opportunity to reconsider its position in this investigation on the in lieu of on-site verification questionnaire and subsequent reliance on facts available in its final determination.

1

## STATEMENT PURSUANT TO RULE 56.2

### I.    Administrative Determination Under Review

The administrative determination under review is the final determination in the antidumping duty investigation of forged steel fluid end blocks from India.  *See Forged Steel Fluid End Blocks from India*, 85 Fed. Reg. 80,003 (Dep't of Commerce Dec. 11, 2020) (final neg. determination), Appx083628-083630[1], and accompanying Issues and Decision Memorandum (IDM), Appx083612-083627.  The period of investigation is October 1, 2018 through September 30, 2019.

### II.    Statement of the Issues

Whether the Court should grant our request for voluntary remand, so that Commerce can reconsider its position in this investigation on the in lieu of on-site verification questionnaire and subsequent reliance on facts available in its final determination because our request is substantial and legitimate.

### STATEMENT OF FACTS

On January 15, 2020, Commerce published its initiation of the antidumping duty (AD) investigation of forged steel fluid end blocks from India.  *See Forged Steel Fluid End Blocks From the Federal Republic of Germany, India, and Italy*, 85 Fed. Reg. 2,394 (Dep't of Commerce Jan. 15, 2020) (initiation notice), Appx001000-001005.  In the Initiation Notice, Commerce notified the public that it intended to examine all known producers and exporters of fluid end blocks (*i.e.*, Bharat and Ultra Engineers (Ultra)), as identified in the petition by petitioners.  *Id.*  From March through July 2020, Commerce issued supplemental questionnaires to Bharat and received timely responses.  *See Forged*

---

[1] In accordance with Section (d) of Joint Appendix Preparation in § 1581(c) Cases Assigned to Judge Vaden (Rev'd Feb. 17, 2021), this brief cites the Bates numbers corresponding to the confidential version of the joint appendix, but omits "PR" and "CR" style references to the administrative record.

*Steel Fluid End Blocks from India*, 85 Fed. Red 44,517 (Dep't of Commerce July 23, 2020) (negative preliminary determination), Appx083300-083302 and accompanying Preliminary Decision Memorandum (PDM) at Appx083289 (citing questionnaires issued between March and July and the timely responses received from Bharat).

On March 23, 2020, Commerce requested that interested parties submit constructed value (CV) profit and selling expense comments and information.  PDM at Appx083290.  On April 20, 2020, petitioners, Bharat, and Ultra submitted comments and new factual information related to the determination of CV profit and selling expenses for consideration in the calculation of CV as the basis for normal value in this investigation.  *Id.*  On May 11, 2020, petitioners, Bharat, and Ultra submitted rebuttal comments and factual information that rebuts, clarifies, or corrects information concerning the submitted CV profit and selling expenses.  *Id.*

Commerce published the negative preliminary determination on July 23, 2020, and determined that Ultra had no in-scope sales to the United States during the period of investigation.  *See id.* at Appx083289.  On August 5, 2020, petitioners submitted post-preliminary determination comments.  IDM at Appx083613.  On September 2, 2020, Bharat submitted a reply to petitioners' post-preliminary determination comments.  *Id.* at Appx083613.  On August 24, 2020, pursuant to 19 C.F.R. § 351.310(c), petitioners requested that Commerce hold a public hearing.  *Id.*

As relevant here, on September 2, 2020, Commerce issued a questionnaire requesting additional information in lieu of performing on-site verification as required under 19 U.S.C. § 1677m(i).  *Id.*  On September 14, 2020, Bharat filed a timely response to the in lieu of on-site verification questionnaire. *Id.*  On October 2, 2020, Commerce invited parties to comment on the preliminary determination and Bharat's response to the in lieu of on-site verification questionnaire.  *Id.*  In October 2020, Commerce received case briefs and rebuttal briefs from petitioners and Bharat.  *Id.*  On December 11, 2020,

Commerce published the final negative determination in the antidumping duty investigation of forged steel fluid end blocks from India.  *See generally* Final Determination at Appx083628-083630.  In the final negative determination, Commerce stated that because it was unable to conduct on-site verification of the information relied upon in making its final determination, it requested additional supporting documentation and information in lieu of on-site verification and relied on the information submitted on the record as facts available.  IDM at Appx083613.

## ARGUMENT

### I.   Standard Of Review

Commerce may ask the Court to remand a matter, without confessing error, so that Commerce may consider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The Court of Appeals for the Federal Circuit outlined multiple scenarios in which an agency may seek a remand: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result.  *Id.* at 1028.

A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate.  *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for voluntary remand, recognizing the "presumption of governmental good faith" absent "'well-nigh irrefragable proof' of bad faith").

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its

4

request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013).  Clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand.  *Id.* Moreover, when the agency seeks remand to correct a mistake or address some other substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute.  *Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

II.     The Court Should Grant Our Request For A Voluntary Remand For Commerce To Reconsider Its Position On The In Lieu Of On-Site Verification Questionnaire And Subsequent Reliance on Facts Available In This Investigation

Plaintiffs challenge Commerce's reliance on the questionnaire in lieu of on-site verification, Commerce's decision not to perform on-site verification, Commerce's reliance on facts otherwise available as a result of its inability to perform on-site verification, and Commerce's reliance on Bharat's reported processing costs and general and administrative (G&A) expenses submitted in response to Commerce's questionnaire in lieu of on-site verification.  Ellwood Br. at 5-6.  Plaintiffs argue that Commerce failed to conduct verification as required by 19 U.S.C. § 1677m(i), that Commerce was required to perform on-site verification under 19 U.S.C. § 1677m(i), and that Commerce's reliance on facts otherwise available and issuance of the questionnaire in lieu of on-site verification was contrary to law.  *See id.* at 7-46.  We respectfully request a voluntary remand for Commerce, without confessing error, to reconsider its position on the questionnaire in lieu of on-site

5

verification and subsequent application of facts available in this investigation.

The Court should exercise its discretion to grant our request because our reasons for seeking remand are "substantial and legitimate." As this Court has held, a remand is appropriate where "(1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber*, 925 F. Supp. 2d at 1339. Each factor is satisfied here. First, the Government has a compelling justification for its request because Commerce wishes to further consider the procedures that were followed during the investigation in relation to the requirements of 19 U.S.C. § 1677m(i), in light of its experience conducting verification while operating under pandemic restrictions. In the final determination, Commerce issued and received responses to a questionnaire in lieu of an on-site verification as a result of its inability to conduct an on-site verification and in this case also applied facts available. IDM at Appx083613; Final Determination, 85 Fed. Reg. at 80,004. Next, the need for finality does not outweigh the justification. A remand to Commerce to further evaluate the procedures followed during the investigation is the relief plaintiffs requested in their pending motion and would receive were they to prevail. Finally, the scope of the request is appropriate because Commerce's determination to issue a questionnaire in lieu of on-site verification and subsequently rely on facts otherwise available (the first four issues raised by plaintiffs) also bears on Commerce's reliance on Bharat's responses to the questionnaire in lieu of on-site verification regarding Bharat's processing costs and general and administrative expenses (the fifth issue raised by plaintiffs), such that permitting a total remand is appropriate and not overly-broad.

Commerce's analysis could clarify and resolve plaintiffs' claims against Commerce's verification procedures in the underlying investigation. Thus, there is a substantial and legitimate justification for this Court to grant a voluntary remand. Granting our motion is appropriate because a

remand may allow Commerce to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding the district court abused its discretion by not granting motion for voluntary remand for agency to address error alleged by plaintiff).

Further, our request for a voluntary remand in its entirety is appropriate because of the potential impact of the remanded issue on all the remaining issues pending before this Court, all of which relate to the questions of whether the questionnaire in lieu of on-site verification can be relied on and otherwise satisfies Commerce's obligations to verify under 19 U.S.C. § 1677m(i).  By requesting a voluntary remand in its entirety, we do not waive any defenses regarding the investigation at issue nor any arguments related to the merits of the issues before the Court.  *See Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017).  We are requesting a remand for Commerce to reconsider its treatment of the questionnaire in lieu of on-site verification and subsequent reliance on facts otherwise available.  As such, by requesting a remand in its entirety to address all issues before the Court, we preserve our ability to defend Commerce's final determination on the merits.

Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome.  *See, e.g., Nippon Steel Corp. v. International Trade Commission*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

Because a voluntary remand, if granted, may preclude the need for further briefing on plaintiffs' motion for judgment on the agency record, we respectfully request that the Court stay any such briefing pending its resolution of the remand redetermination, including briefing by defendant-intervenor.  Should the Court grant our request, we respectfully propose that the Court provide 90

7

days for Commerce to submit its remand redetermination to the Court, and allow for comments on the

remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

<u>CONCLUSION</u>

For these reasons, we respectfully request that the Court remand this matter in its entirety to

Commerce for further administrative proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

<u>/s/Patricia M. McCarthy</u>
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:                                    <u>/s/Sarah E. Kramer</u>
W. MITCH PURDY                                 SARAH E. KRAMER
Attorney                                       Trial Attorney
U.S. Department of Commerce                    U.S. Department of Justice Office
of the Chief Counsel for Trade                 Civil Division
    Enforcement and Compliance          Commercial Litigation Branch 1401
Constitution Avenue, NW                        P.O. Box 480
Washington, D.C. 20230                         Ben Franklin Station
Tel: (240) 482-5214                            Washington D.C. 20044
Email: william.purdy@trade.gov                 Tel: (202) 353-0537
                                               Email: sarah.e.kramer@usdoj.gov

October 18, 2021                               Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court in that it contains 2,119 words, including text, footnotes, and headings.

<u>/s/ Sarah E. Kramer</u>

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, )<br>ELLWOOD NATIONAL STEEL COMPANY )<br>ELLWOOD QUALITY STEELS COMPANY, )<br>and A. FINKL & SONS, )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br>UNITED STATES, )<br> )<br> Defendant, )<br> )<br> and )<br> )<br>BHARAT FORGE LIMITED, )<br> )<br> Defendant-Intervenor. )<br>_____ ) | Court No. 21-00007 |

## <u>ORDER</u>

Upon consideration of plaintiffs' motion for judgment on the agency record, defendant's response to plaintiff's motion for judgment on the agency record and motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order; and it is further

ORDERED that briefing on plaintiffs' motion for judgment on the agency record is STAYED pending Commerce's remand redetermination.

Dated: _____                    _____

           New York, New York                                      Judge