UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>BHARAT FORGE LIMITED,<br><br>*Defendant-Intervenor.* | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 1:21-cv-00007 |

## ORDER

In its Motion for Voluntary Remand, Defendant, the United States, has requested that the Court remand this matter in its entirety to the Commerce Department for further review. ECF No. 24. On consideration of Defendant's Motion, Plaintiffs' Response in support, and Defendant-Intervenor's Response in opposition, Defendant's Motion for Voluntary Remand is **GRANTED**.

## FACTUAL BACKGROUND

Defendant U.S. Department of Commerce ("Commerce" or "the Department"), initiated the investigation at issue on January 8, 2020, following its evaluation of the December 19, 2019 petition filed by Plaintiff Ellwood City Forge Company (Ellwood City) alleging that forged steel fluid end blocks (FEBs) were sold in the United States at less than fair value. *See Forged Steel Fluid End Blocks from the Federal Republic of Germany, India, and Italy: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 2,394 (Jan. 15, 2020), J.A. at 080000-05. Defendant-Intervenor Bharat Forge Limited (Bharat) was the sole mandatory respondent in India with in-scope sales to the United States during the period of investigation. *See generally Forged Steel Fluid End Blocks from India: Preliminary Negative Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 85 Fed. Reg. 44,517

(July 23, 2020) (Prelim. Determination), J.A. 083300-02, and accompanying Issues and Decision Memorandum, J.A. 083287-99. From January through July 2020, Commerce and Bharat exchanged questionnaires and responses. Prelim. Decision Memorandum, J.A. 083289.

On July 23, 2020, Commerce issued its Preliminary Negative Determination, setting forth its finding that FEBs from India were not sold at less than fair value and committing to verify the information it would rely on in making a final determination pursuant to 19 U.S.C. § 1677m(i). Prelim. Determination, J.A. 083300-02. Instead of conducting a typical on-site verification, Commerce issued a "questionnaire in lieu of performing an on-site verification" to Bharat on September 3, 2020. *See* Letter from Commerce to Bharat (Sep. 3, 2020), J.A. 083332-38. Despite Plaintiffs' objections in post-preliminary determination comments, Commerce proceeded with this approach, ultimately labeling the information obtained via questionnaires as "facts otherwise available" in its final determination. *See Forged Steel Fluid End Blocks from India*, 85 Fed. Reg. 80,003 (Dep't of Commerce Dec. 11, 2020).

Plaintiffs filed suit in January 2021, alleging that both Commerce's decision not to conduct on-site verification and its consequent determination of a *de minimis* dumping margin were unsupported by substantial evidence and contrary to law. Compl. ¶¶ 22-23, 36, 39, 42, ECF No. 8; Rule 56.2 Mot. for J. on the Agency R. (Pls.' Mot.) at 2-3, ECF No. 21. Instead of filing a substantive response, Commerce filed a motion for a voluntary, 90-day remand without confessing error, seeking leave to reconsider use of the "questionnaire in lieu of on-site verification and subsequent application of facts available." Def.'s Mot. for Vol. Remand (Def.'s Mot.) at 5-6, ECF No. 24. Plaintiffs generally support the Motion, asking only that the remand be extended to at least 150 days to allow Commerce to address the full range of procedural issues and potentially to perform on-site verification in India. Pls.' Resp. to Def.'s Mot. for Vol. Remand at 3, ECF No. 26. Bharat opposes Commerce's Motion, objecting that its stated grounds are nebulous and imprecise. Def.-Intervenor's Resp. to Def.'s Mot. for Vol. Remand (Def.-Intervenor's Resp.) at 2, ECF No. 27. For the

reasons that follow, the Court grants Defendant's motion subject to the conditions stated herein.

## STANDARD OF REVIEW

An agency "may request a remand (without confessing error) in order to reconsider its previous position," even when no intervening event prompts such reconsideration. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The "reviewing court has discretion over whether to remand" in such situations and may refuse the request if it is "frivolous or in bad faith."

"[I]f the agency's concern is substantial and legitimate," however, "a remand is usually appropriate." *Id.* "Commerce's concerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339 (CIT 2013). "Correcting a potentially inaccurate determination" constitutes a compelling justification. *Id.* "[A]llow[ing] agencies to cure their own mistakes rather than wasting the court's and the parties' resources" is preferable, "especially when the agency seeks to cure the very legal defects asserted by plaintiffs." *Hyundai Steel Co. v. United States*, No. 20-03799, 2021 WL 3828895 at *2 (CIT Aug. 27, 2021) (citations and internal quotation marks omitted).

Unless the Court limits the scope of the remand, Commerce has "broad discretion to fully consider the issues remanded." *ABB, Inc. v. United States*, 273 F.Supp.3d 1186, 1199 n.14 (CIT 2017). In similar contexts, the Federal Circuit has found limited remands to be improper when their scope prevents Commerce "from undertaking a fully balanced examination that might have produced more accurate results." *Am. Silicon Techs. v. United States*, 334 F.3d. 1033, 1039 (Fed. Cir. 2003).

Although the scope of issues Commerce may reconsider in its remand is typically broad, binding precedent limits the range of available actions it may undertake on remand. The Supreme Court recently clarified an agency's options:

> First, the agency can offer a fuller explanation of the agency's reasoning at the time of the agency action . . . This route has important limitations. When an agency's initial explanation "indicate[s] the

> determinative reason for the final action taken," the agency may elaborate later on that reason (or reasons) but may not provide new ones. Alternatively, the agency can "deal with the problem afresh" by taking new agency action. An agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action.

*Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) (citations omitted).

## ANALYSIS

Here, Commerce has provided ample evidence of "substantial and legitimate" concerns. Commerce bases its request on a compelling justification: "to further consider the procedures that were followed during the investigation in relation to the requirements of 19 U.S.C. § 1677m(i), in light of its experience conducting verification while operating under pandemic restrictions." Def.'s Mot. at 6, ECF No. 24. The novel legal approach that Commerce took during the pandemic — relying on supplemental questionnaire responses as "facts otherwise available" in final determinations — warrants further consideration. Commerce may, in due course, correct "a potentially inaccurate determination." *Baroque Timber*, 925 F.Supp.2d at 1339.

Next, the "need for finality does not outweigh the justification." A remand is precisely the relief requested by Plaintiffs in their Motion for Judgment on the Agency Record. Pls.' Mot. at 4, ECF No. 21. Ensuring the integrity of verification procedures, as well as the accuracy of dumping margins, substantially outweighs the need for finality at this stage of the litigation. Bharat proffers no reason to believe it would be prejudiced by a delay caused by remand. Def.-Intervenor's Resp., ECF No. 27. Indeed, as there are currently not tariffs on Bharat's products and that will remain the same during the remand, the remand serves to prolong the status quo.

Finally, Commerce's proposed scope is appropriate. As it notes, all five issues raised by Plaintiffs may be resolved by allowing Commerce to reconsider its procedures and the record underlying its final determination. Def.'s Mot. at 6, ECF No. 24. The Court sees no reason to limit the scope of the remand when Commerce is seeking "to cure the very legal defects asserted by plaintiffs" and when all the

Page 5

factual and procedural issues to be considered are relevant to Commerce's request. *Hyundai Steel*, 2021 WL 3828895 at *2.

Because the legal standard for a voluntary remand has been met, the Court grants the Motion, allowing an initial period of 150 days for Commerce to issue any redetermination. This remand will allow Commerce, at its discretion, to perform on-site verification, which would moot all procedural issues created by the agency's decision to short-circuit verification.

As the *Regents* Court noted, Commerce has two options on remand. *Regents*, 140 S. Ct. at 1907. It may offer a fuller explanation of its reasoning at the time of the action it defends, or it may take new agency action. *Id.* If Commerce chooses the latter course, it "is not limited to its prior reasons but must comply with the procedural requirements for new agency action." *Id.*

The Court notes that, since the period of the initial investigation, cross-border travel conditions have changed substantially. Just this week, President Biden issued an order lifting travel restrictions on India, among other nations, and revoked country-specific limitations on entry for noncitizens effective November 8. Proclamation No. 10,294, 86 Fed. Reg. 59603 (Oct. 25, 2021). The CDC also updated India's travel notice to a Level 2 Moderate rating, recommending full vaccination or regular testing for U.S. citizens visiting the subcontinent. *COVID-19 in India*, CENTERS FOR DISEASE CONTROL AND PREVENTION (last visited Oct. 29, 2021) https://wwwnc.cdc.gov/travel/notices/covid-2/coronavirus-india. Under President Biden's September 9, 2021 mandate, however, all Department of Commerce employees are presumably fully vaccinated, precluding the necessity of onerous testing. Exec. Order No. 14,043, 86 Fed. Reg. 50989 (Sept. 9, 2021). Widespread vaccination has thus increased the feasibility of on-site verification of Bharat. Indeed, under the current circumstances, Commerce may wish to consider seeking voluntary remand in similar cases to comply with its verification obligations.

The Court therefore **GRANTS** remand for up to 150 days initially. At the conclusion of 150 days, Commerce should either file its remand results with the Court or file a motion for extension of time if a longer period is necessary. Within 10 days

of Commerce's filing the remand redetermination, the parties shall confer and file a proposed briefing schedule with the Court on any remaining issues.  The Court also **ORDERS** that briefing on Plaintiffs' Motion for Judgment on the Agency Record is **STAYED** pending Commerce's redetermination.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Stephen Alexander Vaden**
　　　　　　　　　　　　　　　　　　　　　　　　Judge Stephen Alexander Vaden

Dated: October 29, 2021
　　　　New York, New York