# UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY and FINKL & SONS<br><br>               Plaintiffs,<br>     v.<br><br>UNITED STATES,<br><br>               Defendant,<br><br>and<br><br>BHARAT FORGE LIMITED,<br><br>               Defendant-Intervenor. | Consol. Court No. 21-00007 |

### DEFENDANT-INTERVENOR'S RESPONSE IN OPPOSITION TO PLAINTIFFS' REVISED BRIEF IN SUPPORT OF THEIR RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell

FOX ROTHSCHILD LLP
2020 K STREET, NW
Suite 500
Washington, DC  20006
 Tel:   202-794-1186
 Fax:  202-461-3102
Email: llevinson@foxrothschild.com

## **TABLE OF CONTENTS**

                                                                                                       **Page**

STATEMENTS PURSUANT TO RULE 56.2 ............................................................................... 1

I.     ADMINISTRATIVE DETERMINATION UNDER REVIEW ........................................ 1

II.    STATEMENT OF THE ISSUES .................................................................................... 2

III.   STATEMENT OF FACTS ............................................................................................. 2

IV.   SUMMARY OF ARGUMENT ..................................................................................... 2

V.    ARGUMENT ................................................................................................................. 3

        A.    Plaintiff Failed to Exhaust Its Administrative Remedies ........................................ 3

        B.    Bharat Forge Concurs with the Defendant's Position on All Other Issues ............. 6

        C.    Commerce's Determination that Bharat Forge Did Not Understate Its G&A
               Costs Was Supported by Substantial Evidence in the Record. ............................... 7

        D.    Commerce's Determination that Bharat Forge Accurately Reported Its Costs
               Is Supported by Substantial Evidence. ..................................................................... 7

VI.   CONCLUSION .............................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABB, Inc. v. United States*,
  920 F.3d 811 (Fed. Cir. 2019)..................................................................................................4

*Agro Dutch Indus. Otd. v. United States*,
  508 F.3d 1024, 1029 (Fed. Cir. 2007)......................................................................................4

*Consol. Bearings Co. v. United States*,
  348 F.3d 997 (Fed. Cir. 2003)..................................................................................................4

*Corus Staal BV v. United States*,
  502 F.3d 1370 (Fed. Cir. 2007)................................................................................................3

*Dorbest Ltd. v. United States*,
  604 F.3d 1363 (Fed. Cir. 2010)................................................................................................4

*Jindal Poly Films Limited of India v. United States*,
  439 F. Supp. 3d 1354 (Ct. Int'l Trade 2020)............................................................................4

*Luoyang Bearing Corporation (Group) v. United States*,
  450 F. Supp. 3d 1402 (Ct. Int'l Trade 2020)............................................................................3

*Mittal Steel Point Lisas Ltd. v. United States*,
  548 F.3d 1375 (Fed. Cir. 2008)................................................................................................4

**Statutes**

19 U.S.C. § 1677m(i)..............................................................................................................2, 4, 5, 6

28 U.S.C. § 2637(d) ......................................................................................................................3

**Other Authorities**

19 C.F.R. § 351.307 ......................................................................................................................6

19 C.F.R. § 351.309(c)(2)...........................................................................................................3, 4

19 C.F.R. § 351.309(c)(2), (d)(2)...................................................................................................4

*Forged Steel Fluid End Blocks from India*, 85 Fed. Reg. 80,003 (Dec. 11, 2020)................ *passim*

Defendant-Intervenor Bharat Forge Limited ("Bharat Forge") hereby submits this response in opposition to the Revised Brief in Support of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record. Bharat Forge participated fully as the sole mandatory respondent in the administrative proceeding which gives rise to this appeal. Plaintiffs primarily challenge the Department of Commerce's ("Commerce") failure to conduct a full, on-site verification of Bharat Forge's questionnaire responses, notwithstanding the debilitating and worldwide COVID-19 pandemic that suspended virtually all normal business activities in both the United States and India during 2020. Revised Brief of Plaintiffs In Support of Their Rule 56.2 Motion for Judgment On the Agency Record, March 11, 2022, ECF Nos. 33, 34 ("Plaintiffs' Brief"). Plaintiffs further challenge Commerce's findings below that Bharat Forge did not underreport either its processing costs for fluid end blocks ("FEBs") or its general and administrative ("G&A") expenses.

For the reasons stated in the Defendant's Response in Opposition to Plaintiffs' Revised Brief in Support of Their Rule 56.2 Motion for Judgment on the Agency Record filed on May 10, 2022 ("Defendant's Response Brief") (which Bharat Forge adopts by reference and incorporates in its entirety) and for the supplemental reasons stated herein, Commerce's final determination and final remand redetermination are supported by substantial evidence and in accordance with law.

**STATEMENTS PURSUANT TO RULE 56.2**

**I.      ADMINISTRATIVE DETERMINATION UNDER REVIEW**

The administrative determination under review is the final negative determination in the antidumping duty investigation of fluid end blocks from India. *See Forged Steel Fluid End Blocks from India*, 85 Fed. Reg. 80,003 (Dec. 11, 2020) ("Final Determination"), P.R. 269;

Appendix ("Appx") 083628-083630 and accompanying Issues and Decision Memorandum ("IDM"), P.R. 269, Appx 083612-083627.  The period of investigation is October 1, 2018 through September 30, 2019.  IDM at Appx083612.

## II.     STATEMENT OF THE ISSUES

1.    Whether Plaintiffs failed to exhaust their administrative remedies with regard to their challenge to Commerce's issuance of a questionnaire in lieu of on-site verification pursuant to 19 U.S.C. § 1677m(i).

2.    Whether Commerce's issuance of a questionnaire in lieu of on-site verification in accordance with 19 U.S.C. § 1677m(i), was in accordance with law and supported by substantial evidence given the onslaught of the COVID-19 pandemic which debilitated business activities due to government lockdowns and brought international travel to a halt.

3.    Whether Commerce's determination that Bharat Forge accurately reported its General and Administrative expenses was supported by substantial evidence.

4.    Whether Commerce's determination that Bharat Forge correctly and accurately allocated its costs between FEBs and non-subject merchandise was supported by substantial evidence on the record.

## III.    STATEMENT OF FACTS

The statement of facts set forth in Defendant's Response Brief are complete and accurate and do not require repetition or supplementation.  Bharat Forge therefore adopts by reference the statement of facts set forth in the Defendant's Response Brief.

## IV.    SUMMARY OF ARGUMENT

It is a well-settled principle that litigants must exhaust their administrative remedies by raising all issues in an administrative proceeding before challenging an agency's determination in

an appellate proceeding. *See* 28 U.S.C. § 2637(d) ("the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies"). *See also Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007). Commerce's regulations specifically require interested parties to submit a case brief presenting "all arguments that continue to be relevant to the Secretary's final determination . . .". *See* 19 C.F.R. § 351.309(c)(2).

Plaintiffs did not challenge the legality of the questionnaire in lieu of on-site verification until this appeal was lodged, despite ample opportunity to do so. They did not allege in the administrative proceeding, as they do for now for the first time, that Commerce's final determination would be unlawful because it had not conducted an on-site verification or because it did not issue a verification report. This issue was ripe for consideration before Commerce, yet Plaintiffs inexplicably did not raise the issue below. This Court should decline to address the verification issue now raised by Plaintiffs on the grounds that Plaintiffs failed to exhaust their administrative remedies.

V.   **ARGUMENT**

   A.   **Plaintiffs Failed to Exhaust Its Administrative Remedies**

For the first time on appeal**,** Plaintiffs contend that the statute and regulations governing verification of submitted data require Commerce to always conduct on-site verification. Plaintiffs Brief at 21. Prior to challenging a determination by Commerce before the court, however, both statute, 28 U.S.C. § 2637(d), and Commerce's own regulation, 19 C.F.R. § 351.309(c)(2), require respondents to exhaust all administrative remedies available at the agency level. The statute, in relevant part, states that "the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d); *see Luoyang Bearing Corporation (Group) v. United States*, 450 F. Supp. 3d 1402 (Ct. Int'l Trade

3

2020). The regulation makes clear that parties are required to raise all issues that impact Commerce's final determination in their initial case briefs. 19 C.F.R. § 351.309(c)(2).

The Court has been diligent in enforcing the doctrine that a plaintiff must raise all issues before the administrative agency before such issues are ripe for consideration on appeal. *See Jindal Poly Films Limited of India v. United States*, 439 F. Supp. 3d 1354 (Ct. Int'l Trade 2020; *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1375 (Fed. Cir. 2010) (citing to 19 C.F.R. § 351.309(c)(2), (d)(2); *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008)); *ABB, Inc. v. United States*, 920 F.3d 811, 818 (Fed. Cir. 2019).

Plaintiffs challenged the legality of Commerce's verification procedures for the first time on appeal. Plaintiffs never contested the use of the verification questionnaire before Commerce, even though the agency would have been the appropriate forum to brief the issue of what alternatives to on-site verification would have been most feasible and appropriate under the law. This Court should therefore refuse to consider this issue based on Plaintiffs' failure to exhaust their administrative remedies.

The case law does establish certain exceptions to the doctrine of exhaustion of administrative remedies, which Plaintiffs may argue are applicable. This court has discretion, for example, not to require exhaustion of administrative remedies where a pure legal question arises. *See Agro Dutch Indus. Ltd. v. United States*, 508 F.3d 1024, 1029 (Fed. Cir. 2007). A pure legal question does not require additional factual development or resort to agency expertise for disposition. *See Consol. Bearings Co. v. United States*, 348 F.3d 997, 1003–04 (Fed. Cir. 2003).

Plaintiffs cannot argue credibly that consideration of what alternative verification methodologies would have best been suited for Commerce to undertake during the pandemic "does not require additional factual development or resort to agency expertise." Quite to the

contrary, the factual and legal issue of what verification would best duplicate the advantages of on-site verification and comply with the statue and regulation governing verification should have been entrusted primarily to Commerce.  Commerce is the clear expert in understanding the parameters of verifications conducted under the antidumping law.  Commerce should have had the opportunity to address what procedures would have been most effective and whether it satisfied its verification obligations.

The statute delegates wide latitude to Commerce to derive verification procedures based on the factual record.   Commerce was never put on notice that Plaintiffs objected to its methodology; in fact, Commerce even granted Petitioners the opportunity to suggest potential questions to the verification questionnaire, and incorporated Plaintiffs' suggestions.  *See* Petitioners' Comments Following Preliminary Determination, Appx083325-083327; Final Results of Redetermination Pursuant to Court Remand, ECF No. 29 at 3, 7 (stating that the verification questionnaire "included the petitioner's questions regarding Bharat sales and cost information.")

In short, here, the doctrine of exhaustion of administrative remedies precludes the court's review of Commerce's decision not to issue a verification questionnaire in lieu of on-site verification. Further, none of the exceptions to the doctrine apply.  Even though the issue of whether the alternative verification methodology satisfied Commerce's verification obligations under 19 U.S.C. § 1677m(i) entails a legal question, it also requires the development of a factual record concerning the feasibility of alternatives to on-site verifications and the method of inquiry.  Given that Plaintiffs failed to raise this question before Commerce, this Court should not now address it in this appeal.

### B.     Bharat Forge Concurs with the Defendant's Position on All Other Issues.

With respect to the issues other than exhaustion of administrative remedies, Bharat Forge agrees with the legal and factual arguments set forth in Defendant's Response Brief and urges the Court to find on the basis of such arguments that Commerce's final determination and final remand redetermination are supported by substantial evidence and in accordance with law.  Given the extraordinary circumstances presented by the COVID-19 pandemic, the government lockdown impacting the Department of Commerce, and the ban on travel to India that ensued, it was entirely reasonable and in accordance with law for Commerce to develop an alternative to on-site verification that was nonetheless consistent with the mandate of 19 U.S.C. 1677m(i) and the plain language of 19 C.F.R. § 351.307 (entitled "Verification of Information").  Faced with the rampant spread of the disease in India and the suspension of flights between the United States and India, the agency literally had no practical ability to conduct an on-site verification (absent divine intervention).

Under the constraints and urgencies of the global pandemic, Commerce properly exercised its discretion to develop a feasible alternative to on-site verification by issuing a detailed verification questionnaire designed to elicit the same kind of evidentiary proof of data reliability that would be achieved in an on-site verification.  Significantly, neither the statute nor the regulations expressly require an on-site verification, and therefore do not support Plaintiffs' arguments that Commerce's final determination is flawed due to the alternative verification procedures.  This Court should reject Plaintiffs' argument that an on-site verification was required under the circumstances of this case.

### C. Commerce's Determination that Bharat Forge Did Not Understate Its G&A Costs Was Supported by Substantial Evidence in the Record.

Bharat Forge also agrees with Defendant that Commerce properly determined that it had accurately reported its G&A expense for the reasons set forth in Defendant's Response Brief. Bharat Forge correctly reported its actual expenses to derive a period of investigation ratio of specifically identified G&A employee salary and benefits costs. This ratio was then applied to the company's fiscal year company-wide salary and benefits expenses as reflected on Bharat Forge's audited financial accounts to determine the fiscal year amount attributable to G&A. This methodology is consistent with Commerce's requirement that respondents report a G&A rate using its annual audited financial statement period, not the period of investigation. *See* IDM at Appx083617-083618.

Commerce specifically examined whether Bharat Forge's methodology understated its G&A expenses, and concluded reasonably that it did not. See Bharat Forge's Final Cost Analysis Memo (Dec. 7, 2020), P.R. 271; C.R. 145, Appx 090000-0900013. Accordingly, Commerce correctly held that Bharat Forge's reporting of G&A expenses was supported by substantial evidence on the record.

### D. Commerce's Determination that Bharat Forge Accurately Reported Its Costs Is Supported by Substantial Evidence.

Bharat Forge also agrees with the reasons set forth in detail in Defendant's Response Brief establishing that Bharat Forge accurately reported its cost of production of subject merchandise as compared to the cost of non-subject merchandise. The specifics facts and references to the administrative record are well delineated in Defendant's Response Brief and will not be repeated unnecessarily here. For the reasons set forth in Commerce's final determination, and in Defendant's Response Brief, the Court should uphold Commerce's finding

7

that Bharat Forge accurately reported its fluid end blocks processing costs as reasonable and supported by substantial evidence.

## VI. **CONCLUSION**

For the foregoing reasons, Defendant-Intervenor Bharat Forge urges this Court to uphold Commerce's final negative determination in the antidumping duty investigation in *Forged Steel Fluid End Blocks from India*.

Respectfully submitted,

/s/ Lizbeth R. Levinson

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell

FOX ROTHSCHILD LLP
2020 K STREET, NW
Suite 500
Washington, DC  20006
Tel:    202-794-1186
Fax:    202-461-3102
Email: llevinson@foxrothschild.com

Dated: May 20, 2022

## Word Count Certificate of Compliance

This brief has been prepared utilizing Microsoft Word 2016 using a proportionally spaced typeface (12-point Times New Roman font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 1,999 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ *Lizbeth R. Levinson*

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell

FOX ROTHSCHILD LLP
2020 K STREET, NW
Suite 500
Washington, DC  20006
 Tel:   202-794-1186
 Fax:  202-461-3102